May it please the court, my name is Joshua Devine and I represent Bobby Garrett and Shell Sharp. When the District Court excluded evidence that Michael Holmes had pleaded guilty to a 1995 drug crime and had admitted to three different people that he is a drug dealer, the District Court's error was simple, but its consequences changed everything. The District Court's error is manifest on pages 6 and 7 of our addendum. We tried to submit this evidence because it had the tendency to prove that Michael Holmes committed the actual 2003 drug crime. The District Court said that that evidence was irrelevant. Evidence of whether he committed the 2003 crime was irrelevant because, and I quote, at issue was whether defendants' actions violated plaintiff's rights. But critical to whether Holmes' rights were violated was whether he committed the 2003 drug crime. As the jury instructions make clear, Holmes could prevail only if he could establish that there was no objectively reasonable basis for the arrest or for the prosecution. But if he did commit the 2003 drug crime, then there was an objectively reasonable basis for the arrest and prosecution, regardless of any subjective intent that any defendants may have or may not have had. So if Holmes did commit that 2003 drug crime... Now the District Court invoked Rule 404B and its exceptions. 403, right? Yes, Your Honor. The briefs understandably cite pages and pages and pages of criminal law, direct appeal, 404B decisions. What's your best civil case on the application of 404B? Anything like this one? Your Honor, I should clarify exactly what the District Court did. The District Court held that anything concerning whether he committed the 2003 crime was legally, logically irrelevant. And then it considered the 404B analysis. After erroneously determining that the evidence of the 2003 crime was logically irrelevant, then it held that this only had a propensity effect. But because evidence of the 2003 crime was logically relevant and, in fact, went to the dispositive issue at trial, then the District Court's 404B analysis doesn't really come into play. So, again... Are you choosing not to answer the question or are you getting there? If you could rephrase your question, Judge. I want your best application of 404B analysis that we encounter many times a year in a criminal appeal to a civil case. Yes, Your Honor. Using it either to exclude or not exclude evidence in a civil case. Yes, Your Honor. As this Court has repeatedly made clear, Rule 404B only comes into play if the evidence only has propensity effects. We've said it repeatedly in criminal cases. Do you understand the question? I do, Your Honor. And, again, this is a thing that ordinarily doesn't come up because this type of evidence, this Court has repeatedly said, as to whether a person committed a crime, this type of evidence is extremely probative. It's some of the strongest probative evidence that you can have. So, this type of thing doesn't... In criminal cases, I think the question is, do you have any civil cases? And my point, Your Honor, is that this doesn't really arise very often in the civil cases. So, the answer is no. Is your answer no, I have no civil cases? None from the Eighth Circuit, Your Honor. Well, your best case is from any federal circuit, then, or even the Supreme Court of Hawaii. Well, for example, one court, Trahan v. City of Oakland, this comes from the Ninth Circuit, at 960 F. 2nd, 152. There, the court reversed... Is it cited in your table of authorities? No, it's not cited in our table of authorities. All right, then submit a 20HA letter, please. I will do, Your Honor. Again, my point is, whether he committed the crime is the critical issue in this appeal. Because if he committed the crime, then there was an objectively reasonable basis for the arrest and for the prosecution. So, this was logically relevant. Now, we are obviously on appeal here, and I have to establish prejudice, but this is also prejudice for two reasons. First... Even if it's logically relevant, you still have a 404B issue, right? Or a 403, I mean. No, in fact, Your Honor, this court already has held that the precise evidence that we tried to admit is relevant to whether he committed this crime. This evidence was... Here's my point. Even if I concede to you that it's relevant, you still have to do a 404B analysis if that's part of the challenge, right? Well, the district court didn't do that because it held that it was logically irrelevant. So then, when it considered Rule 404B, the only thing it said is, because this is logically irrelevant, there's no other purpose other than propensity. Now, once it is logically relevant, then it can be admitted to prove that he committed the 2003 crime. Now, this evidence was admitted at his trial for that 2003 crime. On appeal, he attacked that evidence expressly on Rule 404B grounds. And this court not only rejected his argument, but also called his argument frivolous. So, I think it's pretty plain that this evidence is relevant to whether he committed the 2003 crime. Now, as to prejudice, not only does this go to the direct dispositive issue. Again, if Holmes committed the crime, then there was an objectively reasonable basis for the arrest and prosecution. Now, wait. That doesn't follow. I mean, he's convicted of the crime after he's arrested. You just said, you know, 2 plus 2 equals 3. No, Your Honor. The jury instructions stated that the jury could only find for Holmes if there was no objectively reasonable basis for the arrest or prosecution. Okay, but the fact that he committed the crime is not known at the time of the arrest. I mean, you can have an unreasonable arrest of a criminal. I disagree, Your Honor. You can have an unreasonable arrest of a criminal. But let's break it down to the two state law claims and the federal law claim. The state law claim, the malicious prosecution and the false arrest. The Missouri Supreme Court in Copeland v. Wicks has stated that these types of actions are highly disfavored. They can only be upheld upon the strictest evidence. And the courts have held that if there is an actual crime, then as a matter of law, you cannot sustain this type of civil claim. These are the state law claims at issue. So if he committed the crime, then as a matter of law, at least those two state law claims fail. Now, as to the federal 1983 action, what's critical here is that he does not contest that the evidence exists. On page 17 of his brief, he concedes that he doesn't contest that the evidence exists. His whole point is that the evidence should have been used against somebody else and it was falsely attributed to him. But if he committed the crime, then the evidence wasn't falsely attributed to him. So his 1983 claim would also fail. So the reason this is prejudicial is not just because it goes to the dispositive issue in the case. You said that awful fast. I didn't follow it. Which part? The state law claims? No, no, I understand. I don't know the state law, but I understand the argument. I don't understand the federal. So the federal claim goes like this. He admits that the evidence exists. On page 17 of his brief, he does not contest that all this evidence exists. But his story was that he just happened, he's an innocent, hapless person, never had any problems with the law, goes to visit his grandmother, and lo and behold, in her house is a bunch of drugs and a bunch of firearms. That means that somebody else committed a crime, not him, and that the police officers falsely attributed the evidence to him. That's on page 17 of his brief. But if he actually committed the evidence, and again, here the evidence would tend to show that if he committed the evidence, then suddenly we have a very different picture. We have a convicted drug dealer who has admitted that drug dealing is his profession, who happens to be in a house where lots of drugs and lots of guns are found. I think a jury faced with that evidence would be very likely to conclude that he did not go into this house by mistake, that he knew the drugs and guns were there, and he intended to possess them. But doesn't that shifting it? I mean, you're really trying to retry the criminal case when this case is really about the conduct of the officers, right? And so, I don't know, abuse of discretion for the district court to determine that that was, even if relevant, a distraction from what the jury was being asked to decide about these two officers' actions. No, Your Honor. A couple things. Again, the court didn't decide. It didn't engage in a 403 analysis, for example. It held that this was logically irrelevant, and for the reasons I stated above, that's legal error. Now, as to the remainder of your question, it's not true that what happened at the criminal trial is irrelevant. In fact, almost all the testimony that exists here is what happens during the arrest. And what happened during the arrest is that if the defendants could have also established that he had actually committed the crime, then there was an objectively reasonable basis for the arrest, for the false prosecution, and the defendants would prevail as a matter of law. Now, it may be that they had subjective bad intent, but that would not matter under the state law claims. And if he committed the offense, then the evidence also wouldn't be false. It would be true evidence. And you're not asserting that the officers knew of this 404B evidence before they arrested him? It's irrelevant whether they did or not. But are you claiming that they knew that? The record does reveal that Garrett did know that. Garrett's not one of the arresting officers, though. He's not on site when the actual arrest occurs. So Holmes was permitted to present a narrative where he is just a hapless victim, an innocent victim, who did not know. And, in fact, he repeatedly testified that he did not know that drugs were there. He did not intend to possess those drugs or weapons. When the district court excluded evidence that, in fact, he had committed a drug crime before, which this court has repeatedly said is highly probative evidence for whether a person knows that there are drugs present and intends to possess those, when the district court excluded that evidence, it stacked the deck against the defendants and it corrupted the truth-seeking function of the jury. But maybe this goes back to the question that Judge Loken was asking about the application in a civil case. I mean, there the government has the burden of proof on the elements of a criminal offense, and when a defendant puts that into play, they have an opportunity to put on evidence to counter it. But that wasn't what was going on here. The defendant did put this into play. He testified repeatedly, and we state this on page 30 of our opening brief. We cite the pertinent record sites. He repeatedly testified he didn't know there were drugs and guns in the house. The crimes for which he was convicted were possession of, well, constructive possession of drugs and firearms, and constructive possession requires knowledge of the existence of those contraband items and intent to possess those. He expressly testified that he did not have knowledge of these. So this was completely relevant. It was, in fact, dispositive to this case whether he had that knowledge, whether he had that intent, whether he mistakenly went into a room instead of intentionally went into a room where there were drugs and guns. Now, to briefly go to a second issue about sufficiency of the evidence, Garrett has entitled a judgment as a matter of law on the state law claims. The Missouri Supreme Court has repeatedly stated that where, as here, a person did not actually commit the arrest or the malicious prosecution, or I'm sorry, or the prosecution, then they have to have instigated those events. There's no evidence that Garrett ever instigated the decision maker. In fact, the prosecution, for example, was done by federal authorities, not Garrett. There's zero evidence in the record that he ever did any of that. I'd like to save the remainder of my time for rebuttal. Thank you. Ms. Keene. Thank you. May it please the court, counsel. My name is Roshna Bala-Keene, and I represent the appellee, Michael Holmes. As this court has just noted, the district court had broad discretion in its evidentiary rulings. And can you help me with a civil 404B case? So that's my point, which is all of the cases that they cite are criminal cases. Well, you too. I did not find any case that I thought was instructive one way or the other. I will do a further search, Your Honor, and supplement. No, that's all right. But, no, I don't have a cite for Your Honor. I didn't see any in the briefs. That's why I raised the question. Yes, and it's a valid question. I think what it goes to is the cases that the appellant cites are cases in which they are attempting to use a prior drug conviction to prove specific criminal elements, knowledge and intent, which are elements of, say, the Controlled Substances Act or whatever other criminal charge are at play. But those are also legitimate purposes under 404B to enter the evidence, right? That's right. And one thing I want to be clear about, which I believe may have been inadvertently misstated by my colleague, the district court never ruled that the police officers couldn't argue guilt. That's just not true. I was trial counsel in the trial. The district court allowed them to argue guilt. No, but the court excluded impeachment evidence as to the claim of innocence. The district court allowed them to put on substantial evidence of guilt. They had officer after officer say they saw Mr. Holmes holding drugs. They saw Mr. Holmes distributing drugs. They saw an envelope with his name on it. They saw a bag of rubber bands with his fingerprint. They argued guilt. What the district court concluded within its discretion, what they were not allowed to do was use a single piece of evidence, a remote conviction from eight years prior for a different issue, which did not involve firearms. So that knocks the firearm propensity issue out, which was possession and not trafficking. They did not allow that old conviction from another case to come in. And the district court did a very careful analysis of the 404B evidence throughout the trial. To be clear, the district court engaged in the analysis that this court prescribes in United States v. Turner, the 2015 Turner. And the district court asked counsel, why do you want this evidence in? And the answer changed over the course of the trial. The first answer was given, we expect plaintiff is going to testify, I don't know anything about drugs. To some extent, it's really impeachment of his current status as a drug dealer, which plaintiff is not and was not. But in any event, they said, we expect plaintiff will testify along the following lines. The district court, who had a front row seat to the trial, heard evidence and plaintiff did not so testify. The plaintiff didn't say, I don't know anything about drugs. And so they couldn't use it to sort of impeach his status generally as a drug dealer or even to say that he didn't have knowledge. So then the defendant said, well, actually, what we want to introduce this prior bad acts evidence of is to rehabilitate defendant Garrett. And the accusation was defendant Garrett was accused of lying under oath. In the civil trial, we accuse him, they claim, of giving false testimony. The district court found correctly that we never made that allegation. In fact, there was a motion in limine by the defendants, motion limine number five, which is in the record, in the joint appendix, in which they said, let's not mention even the mere fact that Garrett testified. They withdrew that motion immediately prior to trial, prior to my opening, and said, we can see there may be some relevant purposes to this fact. In fact, the way that plaintiff got his conviction vacated was a relevant part of the story. It's relevant in a narrative in the civil claim. And so they conceded and didn't object to the two references in a week-long trial where we let the jury know that Garrett testified, not to the substance of his testimony, but to the fact that he testified. They then, mid-trial, said, well, the mere insinuation of the fact that Garrett testified suggests that we're creating some sort of liability or accusing him of testifying falsely. Again, we did not, but the conduct at trial belies even this argument of prejudice, which is that they proposed a cure. In trial, they said, we're concerned that there's an insinuation that Garrett is lying at plaintiff's criminal trial. So we should be allowed to ask the plaintiff, isn't it true that Garrett's testimony had nothing to do with 2003? And we didn't object. And they asked that question. And they got their cure, to whatever extent, you know, is seen as prejudicial. And at the conclusion of the trial, during jury instruction conferences, this is on the record, the question was asked, do you want any sort of curative instruction? Are you concerned that, you know, do you need a curative instruction on this Garrett testimony issue? Nope. The defendants declined to put in a curative instruction. And it's difficult on appeal to square this argument of great prejudice, such great prejudice that the substantial rights of the defendants were affected that the jury verdict should be upended and the district court's January 2017, actually one year ago today, order should be vacated because they were so prejudiced that they didn't even seek a curative instruction. They got the cure that they sought. The district court allowed evidence of guilt. What the district court did not allow, after careful balancing under 404B, was this one piece of evidence. And the inclusion of this one piece of evidence that didn't even directly link to the events of the day in question, which is December 9, 2003, certainly wasn't an abuse of discretion. Different judges may have weighed that evidence differently. Different judges, you ask 10 judges, are you going to let this old conviction come in? Maybe five would say yes. Maybe five would say no. It's a discretionary decision. The district court had ample support in the record to make that decision, and there certainly was no prejudice as a result. And one thing to note, just a footnote, when they say that this argument about excluding the prior conviction was frivolous and that the Eighth Circuit had previously called this argument frivolous, just to be clear, that was an Anders motion, and so the court had to certify that there were no non-frivolous issues so that counsel could withdraw. That certainly has no relevance to the analysis here. One question that Your Honors asked the Appellant's Counsel, which I think is a relevant question, is was this old conviction, this 1996 evidence, ever linked to anything at the trial? The answer is no. In order for the defendants to prevail, and ultimately this case was about whether the defendants fabricated evidence and had reasonable belief, there has to be something in the record that linked their actions on December 9, 2003, to this old evidence, for that to be the reason for it to come in. And there is absolutely nothing, not an offer of proof, not testimony, nothing. Defendant Sharp, for all we know, probably didn't know about this old conviction. It certainly didn't play into his conduct that day, and it can't post hoc be used to shore up evidence of his probable cause if he didn't know about it. Well, I don't think that's the argument. I think the argument is that your client didn't deny the presence of the drugs, and therefore his knowledge and intent, that those were relevant facts, and that the prior is relevant to those, to the lack of mistake, knowledge of the drugs, that sort of thing. I think they are making both arguments. I was, a moment ago, responding to what I thought he was arguing, it goes to probable cause, and it can't, because there's nothing in the evidence that supports that the officers knew that, let alone took that into account. Your Honor, Judge Grinder, your question about whether it is relevant to knowledge and intent, like I said, it may be relevant to the general question of, in the criminal case, did he have criminal knowledge, criminal intent. I'm not denying that there's a lot of case law in the Eighth Circuit, that in the criminal context where knowledge and intent are elements, and the defendant puts on a mere presence, in this circuit, prior drug cases come in a lot of the time. Not all the time, but a lot of the time, and again, it's an abuse of discretion standard. Here, I'm not even arguing that there may not be some tangential probative value of an old conviction to say, yeah, this is a guy who, at least in a prior case, knew about drugs. Does it go to intent? No. I mean, that was not a trafficking case. That was not a distribution case. And there was no allegation that there were drugs or guns, excuse me, guns in the prior case. But again, it's not a question under 401 of this low-level relevancy of whether it goes to knowledge and intent. The defendants never once during the trial made the argument, judge, we want to put on this old conviction because knowledge and intent are elements of the crime. They didn't make that argument. It's not in the record. They didn't even attempt to tie that to, they made no attempt to link that up. They didn't even tell the jury what the elements of the crime were. What they're trying to do is say plaintiff is a drug dealer. Plaintiff is a bad apple. He's a naughty guy. He's a drug dealer. Don't believe him. Don't like him. Don't award any money to him. And that is the forbidden purpose of 404B. And the best person to make that assessment was the district judge. And the district judge by no means stacked the deck, I think is what the phrase was used. Both sides had requested to put on 404B evidence. Both sides were denied a lot of evidence. The rulings were fair. They were balanced. Both sides won some issues. They lost some issues. Does the defendant, does the appellant meet its burden of showing that there was such an abuse of discretion? The district got it so wrong that this old case from an unrelated set of facts had to come in, that it was a mandatory inclusion, and that the failure to include that was so prejudicial that the defendants were effectively denied a defense? Absolutely not. They don't meet that burden. I mean, consider what if the plaintiff had not been arrested before? What if this plaintiff had never, didn't have this one prior arrest in his 60-year life? Are they saying they can't defend against a fabrication claim unless the plaintiff has priors? What that really exposes their argument as is our officers didn't have credibility. Our officers couldn't meet their, couldn't defend against the fabrication. There was a lot of evidence of guilt. There was a lot of evidence where the police officers were telling inconsistent stories on the stand. They were lying to the jury. They were impeached by their police report. They were impeached by photographic evidence of what the house looked like, and that the only way they could overcome this mountain of evidence of guilt was by improperly sullying the plaintiff's reputation, and I don't believe that was appropriate. I think the district court certainly should be affirmed, and this jury verdict should not be vacated for that reason. I want to briefly- How did Sergeant Garrett instigate a federal prosecution? So, well, it started off as, it's a little confusing, but it started off as a state prosecution, but in any event, and then the state prosecutors- Still takes an affirmative action by the feds to take it over. Yes, sir. So the evidence in the record, again, here, you know, with the standard in mind, is there being a verdict should be upended only if it's utterly lacking in evidentiary support. Here the evidence was that Garrett and Sharp worked together from the outset. We argued and put in evidence that they came up with a plan. From soup to nuts, Garrett was involved. From before they got to the house, they went to the house, they went with plaintiff to the police station, and Garrett was with Sharp, and it was Garrett who testified. Don't go back to that house again. Sign this money disclaimer. We'll let you go. And the jury was entitled to infer from that testimony, which this court and the district court had to credit as true, given the verdict, that Garrett took actions to goad Sharp into prosecuting Garrett, excuse me, Mr. Holmes, that they worked together in the decision to instigate, and certainly there's enough in the record for that jury verdict to stand. Well, what contact with the federal authorities was there? Your Honor, there was no... Where's the proximate cause, if you will, for the federal prosecution? Two points. One, it was not even argued, and I don't believe there was an issue as to whether he goaded the federal prosecution. All of us have been talking about the state prosecution, and then I think for reasons that are not entirely clear to me, the state and federal prosecutors made a decision to have this proceed as a federal case. But the evidence and the case law that we cite is clear that Garrett does not have to be the one sitting down with the prosecutor to be responsible for instigating the prosecution, and the jury instructions made that point. So there was enough evidence in the record for the jury to conclude that Garrett, too, instigated the prosecution, because Garrett and Sharp were really... They cannot really be differentiated in terms of what they did in the coming up with the plan, the going to the house, the arrest of Michael, taking him to the station. Sharp signed the police report, but Garrett's name is all over the police report. Garrett doesn't deny that he was involved, and Mr. Holmes testified about Garrett's conduct at the police station. My time is running up. If there are no other questions, I would be happy to answer any additional questions, but absent any other, I'll be seated and thank the court for its time. Very good. Thank you. Mr. Devine for roll? Yes. I just heard opposing counsel say that she has not found any civil cases either. I think this just underscores that this is a very unique sort of circumstance. Opposing counsel said that we never made this argument that everything turned on whether he was guilty or innocent, and that's not true on pages 621 and 622 of the joint appendix, as well as 843 through 845 of the joint appendix. We expressly stated that, and I'm almost quoting, that everything turned on whether he was innocent. Opposing counsel has also stated, I think has shifted the analysis a little bit to the subjective intent of the officers at issue, and that's not what is at issue. Now, subjective intent is one of the elements in the false arrest and malicious prosecution claims, but the other element is whether there was an objective, reasonable basis, and the reason that element exists is because Missouri Supreme Court in the Copeland case has repeatedly said these are highly disfavored claims, and that is because there is a public policy interest in prosecuting people who have committed crimes. So if there's an objectively reasonable basis, regardless of subjective intent, then that claim must fail. As far as instigation goes, Judge Loken, I think your questions are quite right. There's no evidence that he ever goaded any federal decision maker. Even the evidence that opposing counsel cited is not goading. It's merely present. For example, the questioning form, the form of the money disclaimer, the Missouri courts in the Crow case that we cited have stated that truthful actions, honest information, is not goading. It is not instigation, and Holmes contests. Holmes says that the money did not belong to him. So when he signed a form that said the money didn't belong to him, that was just a truthful form. There's nothing goading about that. There's nothing instigating about that. To briefly conclude, the district court in the certificate of innocence case looked at the same evidence we tried to admit, and the district court concluded that Holmes committed the 2003 crime. If the jury had been permitted to listen to this same evidence, we think the jury would have come to the same conclusion. This court should- Quick question for you. When the conviction was actually vacated, I guess it was a 2255 or something that vacated it, was there a hearing and an opinion by the district court, or did the government simply concede it? There's an opinion by the district court. The issue was that Sharp and Garrett were the only ones who testified at the trial, or at his underlying 2006 trial. The court said, well, their credibility has been put in dispute. I couldn't find that in the appendix. I'm not sure if it's in the appendix. It is in a federal appendix decision, and we have cited it in our brief. When we're preparing for a 30-case week, it's kind of helpful if the lawyers give us what's relevant at first hand. I understand, Your Honor. We did cite it in our brief. And then at the certificate of innocence stage, the district court stated that there was sufficient evidence. The evidence that we tried to submit- The federal conviction was vacated. Did the government challenge that, or did they concede it? The government made the prosecutorial discretion to not retry him again after that. So the government did not concede that there was insufficient evidence to- I see. So they contested it at first, and the district court found that the evidence would have been insufficient. Right, right. In the certificate of innocence stage, the government presented Alan Ray, who was also there, who testified as to what happened, and the district court said, by a preponderance of evidence, Holmes committed this 2003 crime. We think this court should reverse. So a retrial was not precluded? Not to my understanding. Thank you. Very good. Thank you, counsel. The case has been thoroughly briefed and well argued. We'll take it under advisement. We also have this morning for submission, without argument, number 171470, Wellspun Pipes versus Liberty Mutual Insurance Company. And with that, does that conclude our morning's business?  Very good.